Amir J. Goldstein, Esq. (SBN 255620)
The Law Offices of Amir J. Goldstein, Esq.
8032 West Third Street, Suite 201
Los Angeles, CA 90048
Tel 323.937.0400
Fax 866.288.9194
ajg@consumercounselgroup.com

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NERI JOCSON, FE JOCSON individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br> v.<br><br>DIAMOND RESORTS INTERNATIONAL CLUB, INC., dba DIAMOND RESORTS U.S. COLLECTION DEVELOPMENT, LLC dba DIAMOND RESORTS FINANCIAL SERVICES, INC., EXPERIAN INFORMATION SOLUTIONS, INC. and DOES 1 through 10 inclusive,<br><br>        Defendants. | CASE NO.: 2:18-cv-10604<br><br><br><br><br><br>CLASS ACTION COMPLAINT FOR DAMAGES |

Plaintiffs, by and through their attorney, Amir J. Goldstein, Esq., as and for their complaint against the Defendants, DIAMOND RESORTS INTERNATIONAL CLUB, INC., dba DIAMOND RESORTS U.S. COLLECTION DEVELOPMENT, LLC dba DIAMOND RESORTS FINANCIAL SERVICES, INC. and EXPERIAN INFORMATION SOLUTIONS, INC., alleges as follows:

**INTRODUCTION**

1. This is an action for damages brought by individual consumers and on behalf of a class for Defendants' violations of the Fair Credit Reporting Act ("FCRA") (15 U.S.C. §1681 et seq.) and California's Consumer Credit Reporting Agency Act (CCRAA), (California Civil Code § 1785.1 et seq.) which requires maximum accuracy with regard to consumer credit reporting

**PARTIES**

2. Plaintiffs are natural persons residing in Los Angeles County, California and are consumers as defined by Cal. Bus. & Prof. Code §17201.

3. Upon information and belief, Defendant Diamond Resorts International Club, Inc. dba Diamond Resorts U.S. Collection Development, LLC dba Diamond Resorts Financial Services, Inc. ("Defendant DRI") is a "furnisher of information" within the meaning of the FCRA, 15 U.S.C. §1681 et seq., authorized to do business in the state of California, with its principal place of business in Nevada.

4. Upon information and belief, Defendant Experian Information Solutions, Inc. ("Defendant Experian") is a "consumer reporting agency" as defined in 15 U.S.C. §1681(f), authorized to do business in the state of California, and is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing "consumer reports" as defined in 15 U.S.C. §1681(d) for monetary compensation.

**JURISDICTION**

5. This Court has jurisdiction over the subject matter of this lawsuit pursuant to 15 U.S.C. § 1681p.  Venue is proper in this Court pursuant to 15 U.S.C. §§ 1391(b) and (c) as well as 28 U.S.C. §1367.

2

## FACTUAL ALLEGATIONS

6. Plaintiffs repeat and reallege each and every allegation set forth above as if reasserted and realleged herein.

7. That upon information and belief, Defendant DRI sells timeshare contracts.

8. That on or about November 2016, Plaintiffs obtained a "membership" with Defendant DRI whereby Plaintiffs, through multiple contracts and purchase agreements, acquired timeshare "points" which could then be redeemed in exchange for the right to use and occupy accommodations at various resorts.

9. That Defendant DRI used deceptive sales practices and made numerous oral misrepresentations and false statements during timeshare sales presentations in order to induce the Plaintiffs into entering into more sales contracts with Defendant DRI.

10. That on or about November 10, 2017, as a result of Defendant DRI's conduct, Plaintiffs filed a complaint (case no. 2:17-cv-08214, *Neri Jocson, et al v Diamond Resorts International Club, Inc., et al*) in the Central District of California against Defendant DRI.

11. That Defendant DRI subsequently agreed to release Plaintiffs from liability on their contracts pursuant to a settlement agreement between Defendant DRI and the Plaintiffs, thereby waiving and cancelling any and all remaining balances on their accounts and terminating the purported contracts with Defendant DRI in their entirety.

12. That notwithstanding the settlement agreement between Defendant DRI and the Plaintiffs, Defendant DRI reported the aforementioned accounts to various credit agencies, including Defendant Experian, as negative with an inaccurate status.

13. That according to Plaintiffs' credit reports, Defendant DRI caused their accounts to inaccurately appear adversely on Plaintiffs' credit reports as "charge-offs."

3

14. That the adverse accounts or negative trade-line(s) being reported by Defendant DRI were inaccurate, namely indicating that Plaintiffs accounts were charged off and appearing to be seriously past due, reflecting outstanding past due balances.

15. That on or about October 2018, upon investigating their credit reports, Plaintiffs became aware of the false and inaccurate reports being published by Defendant DRI regarding the accounts they had already been absolved liability for.

16. That on or about October 24, 2018, Plaintiffs mailed Defendant DRI a letter wherein Plaintiffs disputed in writing, the adverse accounts being reported on their credit reports and requested removal of said adverse reporting.

17. That the three major credit bureaus, Equifax, TransUnion and Defendant Experian, were also mailed letters on or about October 24, 2018 wherein Plaintiffs disputed the adverse accounts being reported on their credit reports by Defendant DRI.

18. That in their dispute letters, Plaintiffs explained that the accounts were the result of invalid agreements and were waived and cancelled as a result of a confidential settlement agreement Plaintiffs had with Defendant DRI.

19. That in response to their dispute letters, TransUnion advised Plaintiff Fe Jocson that the disputed accounts were not on her TransUnion credit report.

20. That in response to their dispute letters, Defendant Experian removed the DRI accounts from Plaintiff Neri Jocson's Experian credit report completely.

21. That notwithstanding said responses (and contrary to the action Defendant Experian took with Plaintiff Neri Jocson's credit report by deleting the inaccurate reports), Defendants merely "updated" the accounts on Plaintiff Fe Jocson's Experian credit report and caused them to remain as negative trade-lines.

22. That Defendant DRI permitted and caused the wrongful reporting to occur, despite its promise to delete the accounts and release Plaintiffs from any liability.

23. That Defendant DRI did not substantively respond to the nature of Plaintiffs' dispute letters nor conduct a reasonable reinvestigation as to whether or not the trade-lines were being reported accurately.

24. That upon information and belief, Defendant DRI's reinvestigations into the accounts were unreasonable and insufficient to correct the errors in reporting.

25. That as a result of this conduct, action and inaction of Defendants, the Plaintiffs suffered damage including but not limited to: higher interest rates on certain loan(s); loss of credit; loss of the ability to purchase and benefit from credit; actual credit denials; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

## AS AND FOR A FIRST CAUSE OF ACTION

26. The Plaintiffs repeat and reallege each and every allegation set forth above as if reasserted and realleged herein.

27. That based on the conduct described above, Defendant DRI violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) by continuing to represent the accounts inaccurately to Plaintiff Fe Jocson's credit file with the credit reporting agencies, failing to fully and properly investigate the Plaintiff's dispute of the representation; by failing to review all relevant information regarding same; by failing to accurately respond to the credit bureaus; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct their own internal records.

28. That as a result of this conduct, action and inaction of Defendants, the Plaintiffs suffered damage including but not limited to: higher interest rates on certain loan(s); loss of credit; loss of the ability to purchase and benefit from credit;

actual credit denials; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

29. That the conduct, action and inaction by Defendant DRI was willful, rendering it liable for actual, statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, Defendant DRI was negligent, entitling the Plaintiffs to recover actual damages under 15 U.S.C. 1681o.

30. That Plaintiffs are entitled to recover costs and attorney's fees from the Defendant DRI in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## AS AND FOR A SECOND CAUSE OF ACTION

31. Plaintiffs repeat and reallege each and every allegation set forth above as if reasserted and realleged herein.

32. California Civil Code §1785.25 prohibits a person from furnishing information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate.

33. That by its acts and practices as hereinabove described, Defendant DRI willfully and intentionally violated Cal. Civ. Code §1785.25 by providing incomplete and inaccurate information about the Plaintiffs to various consumer reporting agencies.

34. That Plaintiffs are entitled to actual, statutory and punitive damages and attorney's fees and costs pursuant to Cal. Civ. Code §1785.31.

## AS AND FOR A THIRD CAUSE OF ACTION

35. Plaintiffs repeat and reallege each and every allegation set forth above as if reasserted and realleged herein.

36. That Defendant DRI breached its contract with the Plaintiffs by the following acts which include, but are not limited to: failing to remove negative and false reports, publishing false and inaccurate information and/or failing to accurately verify, report and update inaccurate information it published to the three major credit bureaus.

37. That as a result of this conduct, action and inaction of Defendants, the Plaintiffs suffered damage including but not limited to: higher interest rates on certain loan(s); loss of credit; loss of the ability to purchase and benefit from credit; actual credit denials; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

## AS AND FOR A FOURTH CAUSE OF ACTION

38. Plaintiffs repeat and reallege each and every allegation set forth above as if reasserted and realleged herein.

39. That upon Plaintiffs' request for deletion, and in accordance with its standard procedures, Defendant Experian did not evaluate nor consider any of Plaintiffs' information and claims and did not make any attempt to substantially or reasonably verify the representations made by Defendant DRI.

40. That in the alternative to the allegation that Defendant Experian failed to contact Defendant DRI, Plaintiffs allege that Defendant Experian did forward notice of the dispute to Defendant DRI yet failed to conduct a lawful investigation.

41. That upon information and belief, Defendants' reinvestigations into the account were unreasonable and insufficient to correct the errors in reporting.

42. That Defendant Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files they maintain and publish with regard to the Plaintiffs.

43. That as a result of this conduct, action and inaction of Defendant Experian, the Plaintiffs suffered damage including but not limited to: higher interest rates on certain loan(s); loss of credit; loss of the ability to purchase and benefit from credit; actual credit denials; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

44. That the conduct, action and inaction by Defendant Experian was willful, rendering it liable for actual, statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, Defendant Experian, were negligent, entitling the Plaintiffs to recover actual damages under 15 U.S.C. 1681o.

45. That Plaintiffs are entitled to recover costs and attorney's fees from the Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## AS AND FOR A FIFTH CAUSE OF ACTION

46. Plaintiffs repeat and reallege each and every allegation set forth above as if reasserted and realleged herein.

47. That Defendant Experian violated 15 U.S.C. §1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful investigation; by failing to forward all relevant information to Defendant DRI; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source that it has reason to know is unreliable.

48. That as a result of this conduct, action and inaction of Defendant Experian, the Plaintiffs suffered damage including but not limited to: higher interest rates on certain loan(s); loss of credit; loss of the ability to purchase and benefit from

credit; actual credit denials; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

49. That the conduct, action and inaction by Defendant Experian was willful, rendering it liable for actual, statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, Defendant Experian was negligent, entitling the Plaintiffs to recover actual damages under 15 U.S.C. 1681o.

50. That Plaintiffs are entitled to recover costs and attorney's fees from the Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## AS AND FOR A SIXTH CAUSE OF ACTION

51. Plaintiffs repeat and reallege each and every allegation set forth above as if reasserted and realleged herein.

52. That by their acts and practices as hereinabove described, Defendants willfully and intentionally violated Cal. Civ. Code §1785.14 (b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning the Plaintiff.

53. That by their acts and practices as hereinabove described, Defendants willfully and intentionally violated Cal. Civ. Code §1785.16 for the following acts, which include, but are not limited to: failing to consider all relevant information submitted by Plaintiffs with respect to Plaintiffs' disputes, failing to correct and/or delete inaccurate information on Plaintiffs' credit reports and failing to mark the accounts as "disputed."

54. That Plaintiffs are entitled to actual, statutory and punitive damages and attorney's fees and costs pursuant to Cal. Civ. Code §1785.31.

## AS AND FOR A SEVENTH CAUSE OF ACTION

55. Plaintiffs repeat and reallege each and every allegation set forth above as if reasserted and realleged herein.

56. The California Business and Professions Code §17200, et seq., prohibits unfair competition, which includes any unlawful, unfair or fraudulent business act.

57. That Defendants, by engaging in the acts hereinabove described, have committed violations under the aforementioned statutes and codes; that said acts are therefore per se violations of the California Business and Professions Code Section 17200 et seq.

58. That the harm caused by Defendants' conduct outweighs any benefits that Defendants' conduct may have.

59. That consumers like the Plaintiffs are likely to be deceived, and that the Plaintiffs were in fact deceived, by Defendants' conduct.

60. That the Defendants have been unjustly enriched by committing said acts.

61. That as a result of Defendants' conduct, Plaintiffs have been harmed and have suffered damages including but not limited to: monetary losses, extreme embarrassment, humiliation, shame, stress, anxiety, aggravation and sleepless nights; higher interest rates on certain loan(s); loss of credit; loss of the ability to purchase and benefit from credit; actual credit denials; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

62. That as a direct and proximate result of Defendants' unlawful, unfair and fraudulent business practices as alleged herein, Plaintiffs have suffered substantial injury in fact and lost money and/or property.

63. That pursuant to California Business and Professions Code § 17200, et seq., Plaintiffs are entitled to recover their actual damages and restitution.

## CLASS ALLEGATIONS

64. Plaintiffs repeat and reallege each and every allegation set forth above as if reasserted and realleged herein.

65. This action is brought on behalf of Plaintiffs and the members of a class.

66. Plaintiffs bring this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) on behalf of a class (the "Class") defined as the following sub-classes:

a)    All persons in the United States whose contracts with Defendant DRI, at any time between the date that is four years prior to the filing of this action and the present, were cancelled and/or waived as a result of a complaint made against DRI yet subsequently remained as derogatory and/or negative trade-lines on their respective credit reports.

b)    All persons in the United States whose contracts with Defendant DRI, at any time between the date that is four years prior to the filing of this action and the present, were cancelled and/or waived as a result of a complaint made against DRI yet subsequently remained as derogatory and/or negative trade-lines on their respective credit reports and continued to be reported negatively following a written dispute letter from the consumer.

c)    All persons in the United States whose contracts with Defendant DRI, at any time between the date that is four years prior to the filing of this action and the present, were cancelled and/or waived as a result of a complaint made against DRI yet subsequently remained as derogatory and/or negative trade-lines on their respective Experian credit reports as a result of inadequate and unreasonable investigations by Experian following a written dispute letter from the consumer.

67. The Class is so numerous that joinder of all members is impracticable. On information and belief, Defendants caused previously waived and/or cancelled accounts to remain as negative trade-lines on credit reports in the four years prior to the filing of this action. While the total number and identity of the Class members is at this point unknown, such information is, on information and belief,

11

readily obtainable through the records of Defendants or its carrier(s), and could number in the thousands.

68. Common questions of law or fact exist as to all members of the Class and predominate over any questions solely affecting any individual members. Such questions common to the Class include but are not limited to:

a.     Whether the Defendant DRI violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) by continuing to represent accounts previously waived and/or cancelled to remain inaccurately on a consumer's credit file with the credit reporting agencies;

b.     Whether Defendant DRI breached its contracts with consumers by the following acts which include, but are not limited to: failing to remove negative and false reports, engaging in further collection activity on a previously released account,  publishing false and inaccurate information and/or failing to accurately verify, report and update inaccurate information it published to the three major credit bureaus.

c.     Whether Defendant Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files they maintain and publish with regard to consumers;

d.     Whether Defendant Experian violated 15 U.S.C. §1681i on multiple occasions by failing to delete inaccurate information in the consumers' credit file(s) after receiving actual notice of such inaccuracies; by failing to conduct a lawful investigation; by failing to forward all relevant information to Defendant DRI by failing to maintain reasonable procedures with which to filter and verify disputed information in the consumer's credit file; and by relying upon verification from a source that it has reason to know is unreliable.

e.      Damages, which can be calculated by a mechanical formula, as well as whether Defendants' violations were performed willfully or knowingly such as to warrant treble damages under the FCRA.

69. Plaintiffs' claims are typical of the claims of the other members of the Class. The factual and legal bases of Defendant's liability to Plaintiffs and the other members of the Class are the same: Defendant DRI violated the FCRA by first waiving and/or cancelling a consumer's account(s) with Defendant DRI yet failed to accurately report the consumer's accounts to the credit reporting agencies by allowing them to appear as derogatory and/or negative trade-lines on the consumer's credit report(s).

70. Plaintiffs and their attorney will fairly and adequately protect the interests of the Class. Plaintiffs have no interests that might conflict with the interests of the Class. Plaintiffs will vigorously pursue their claims, and they have retained counsel competent and experienced in class and complex litigation, including cases under the FCRA.

71. A class action is superior to other available methods for fairly and efficiently adjudicating the controversy alleged herein. Class treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual lawsuits would entail. Absent a class action, many members of the Class will likely not even obtain relief, whether because they are unaware of their right to relief from the harm caused by Defendants' illegal practices, due to the prohibitive time and monetary cost inherent in individual litigation, or otherwise. Courts nationwide frequently grant class certification in cases brought under the FCRA; no difficulties are likely to be encountered in the management of this case as a class action. If the class is certified under Rule 23(b)(3), Plaintiffs anticipate the distribution of mail notice

to each class member at their last-known address, or by such other practicable means as circumstances permit.

72. That Defendants have acted and failed to act on grounds generally applicable to Plaintiffs and the other members of the Class, warranting injunctive or corresponding declaratory relief for the Class as a whole. Prosecution of separate, piecemeal actions by individual members of the Class, should they even realize that their rights have been violated, would create the risk of inconsistent results for the same unlawful conduct and practices.

**WHEREFORE,** Plaintiffs respectfully pray that judgment be entered against Defendants and that relief be granted in the form of the following:

(a)     An order certifying the sub-classes defined above, appointing Plaintiffs as class representatives, and appointing their attorney as class counsel;

(b)     Statutory, actual and punitive damages pursuant to 15 U.S.C. §§ 1681n and 1681o in an amount to be determined at the time of trial;

(c)     Statutory, actual and punitive damages pursuant to California Civil Code §1785.31 in an amount to be determined at the time of trial;

(d)     Statutory, actual and punitive damages pursuant to California Civil Code §17200 in an amount to be determined at the time of trial;

(e)     Treble damages pursuant to California Civil Code § 3345.

(f)     Equitable and injunctive relief.

(g)     Restitution.

(h)     Costs and reasonable attorney's fees provided by statute (including but not limited to 15 U.S.C. §1681n and California Civil Code §1785.31), common law and/or the Court's inherent power.

(i)     For such other and further relief as may be just and proper.

1

2       Plaintiffs request trial by jury on all issues so triable.

3

4   Dated: December 21, 2018                    AMIR J. GOLDSTEIN, ESQ.

5                                                  ___/S/ Amir J. Goldstein_____

6                                                Amir J. Goldstein, Esq.
                                                 **Attorney for Plaintiffs**
7                                                8032 West Third Street, Suite 201
                                                 Los Angeles, CA 90048
8                                                Tel 323.937.0400
                                                 Fax 866.288.9194
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28